## Kashner's Estate.

*Guardian and ward—Commissions—Negligent and illegal management.*
   Commissions are allowed to the faithful steward only for his care,
trouble and responsibility in the management of the estate, and if the plain
directions of the law are ignored by the guardian he must, without a cor-
responding compensation, suffer the consequences of being held liable for
all that he should account for.

Argued May 17, 1900.   Appeal, No. 28, April T., 1900, by
Ida Kashner Wood, from decree of O. C. Mercer Co., April T.,
1898, No. 7, in the matter of the final account of Joseph Bush,
Guardian, of the Estate of Ida Kashner, a minor.   Before
RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D.
PORTER, JJ.   Modified.   Opinion by ORLADY, J.

Exceptions to auditor's report.   Before MILLER, P. J.
The facts sufficiently appear in the opinion of the court.
The court below entered the following decree :
[We therefore amend the restatement of the accountant by
the auditor as follows :
Joseph Bush, guardian,

Dr.

To total amount of principal and interest,   .   .   $2,022 15

Cr.

By total credits, less services,   .   .   $396 72
By services as guardian,   .   .   .   191 88—$588 60

Balance due ward,   .   .   .   .   .   $1,433 55

On which sum accountant is to be charged interest from Feb-
ruary 15, 1898.

The report of the auditor as thus corrected is confirmed.
And now, May 29, 1899, exceptions granted and bill sealed.]   [5]
Ida Kashner Wood appealed.

*Error assigned* among others was (5) to the decree of the
court, reciting same.

*W. H. Cochran*, for appellant.—By his disregard of duty a
guardian forfeits the reward accorded faithful and meritorious

services, and is required to render compensation to the trust fund from which he made himself a borrower. This is sustained by numerous authorities: Maurer's Estate, 18 Phila. 221; Albert's Appeal, 128 Pa. 613.

A guardian may forfeit his right to compensation by his neglect or lack of proper attention to the details of his trust: Selleck's Appeal, 16 W. N. C. 370; Schurr's Estate, 13 Phila. 353.

A commission is a compensation for services rendered, but whether the money was kept unproductive through negligence, or used by the guardian for his own profit, there was neither trouble nor service for which the estate should be charged: Say v. Barnes, 4 S. & R. 112.

The appellant used his ward's money and paid her the interest from time to time. He was her debtor, and it would be a very novel decision to allow him commission upon his payments under such circumstances: Livingood's Appeal, 2 Penny. 70; Stanton's Estate, 7 W. N. C. 18.

But a refusal to exhibit an account of his conduct of the trust, is of itself an act of gross mismanagement, and mismanagement is placed by the act of assembly on the same footing with waste. The forfeiture of commission, therefore, which is earned by an act of waste, is a just penalty for any other act of mismanagement: McCloud's Estate, 12 Phila. 81.

His mismanagement of the trust—using his ward's funds in his own business, and so mingling the same with his own, that it was impossible to trace investments, etc.,—was such as to require the surcharges of interest, etc., and would also have justified the rejection of his entire claim for compensation; but, as to that, the appellee does not complain, and hence the question is not properly before us: Mulholland's Estate, 175 Pa. 411.

A guardian who employs his ward's funds in his business, though the result be advantageous to the ward, will not be allowed commission on the fund: Seguin's Appeal, 103 Pa. 139.

*W. C. Pettit*, for appellee.—We have then simply the case of a guardian who has settled with his ward fairly and honestly, who from the very outstart offered her more than she could reasonably expect, but who has been somewhat lax in doing

his business. As a result of this he lost a large portion of the estate which he made good to his ward without a murmur; he has been punished by the auditor twice, once by placing the costs of the audit, $31.00, upon him, and again by surcharging him with $44.73 more interest than he received. And still the appellant is not satisfied. She now seeks to punish him a third time by depriving him of all compensation for his services and placing the costs of this appeal upon him. She has no pity for his losses and no gratitude for his services.

OPINION BY ORLADY J., July 26, 1900:

On hearing of exceptions filed to the account of Joseph Bush, guardian of Ida Kashner, a minor, the auditor finds as facts that no triennial accounts were filed; that the guardian did not keep any books of account showing the manner of administering his trust; that he refused to explain the investments made by him to the ward or to the auditor, or the amount of interest received therefrom; that no dates of receipts or disbursements were given; that no vouchers were filed for any of the credits claimed in his account; that some credits were claimed for a greater amount than for the payments actually made; and that he used some of the trust funds in his personal business. These findings of fact resulted in a number of surcharges and in reducing the compensation of the guardian from $200, as claimed by him, to the sum of $75.00, and are assented to as correct by the accountant, except in reducing his compensation, and in directing that costs and interest be paid by him.

After a review of the case by the court the findings by the auditor are not changed, but the compensation to the accountant is increased to $191.88, which is the only subject before us on this appeal. The office of guardian is often a thankless and profitless trust but, by refusing to serve, it can be avoided, and if accepted it must be administered under fixed rules of law.

We cannot affirm the judgment of the court below in this case when the facts as found by the auditor stand unchallenged upon this record. There was sufficient in the evidence to have justified the auditor in rejecting the entire claim for compensation, but as to the allowance of $75.00, the minor did not except to the decision of the auditor. The authorities which

determine the duties and liabilities of guardians are numerous and uniform in requiring that the trust funds should not be mingled with the guardians; that accurate accounts should be kept and exhibited, with proper vouchers; and that good faith should be observed in all of his relations to his office. Commissions are allowed to the faithful steward only for his care, trouble and responsibility in the management of the estate, and if the plain directions of the law are ignored by the guardian he must, without a corresponding compensation, suffer the consequences of being held liable for all that he should account for. It is necessary to refer only to Norris's Appeal, 71 Pa. 106, Seguin's Appeal, 103 Pa. 139, Albert's Appeal, 128 Pa. 613, and Mulholand's Estate, 175 Pa. 411.

The decree of the orphans' court as to compensation of the guardian is amended and the compensation for his services is fixed at the sum named by the auditor, to wit: $75.00. With this amendment the decree of the orphans' court is affirmed.