## Commonwealth ex rel. Brochus v. Pechulis.

*Lunacy—Committee—Investment of funds—Principal and income—Counsel fees.*

1. Where a committee of a lunatic has bought a residence in his own name with funds of the lunatic's estate, and has lived in it without paying rent to the estate, he will not be allowed commissions.

2. Payments made under the War Risk and Insurance Act to the committee of a lunatic constitute principal and not income, although such payments are made periodically.

3. The committee of a lunatic should keep the moneys in his hands invested in income-bearing securities.

4. In lunacy proceedings, the counsel fees must be allowed, if at all, in the proceedings; they cannot be allowed subsequently at an audit of the committee's accounts.

Exceptions to auditor's report. C. P. Schuylkill Co., May T., 1920, No. 155.

*A. D. Knittle*, for plaintiff, committee; *G. E. Gangloff*, for exceptions.

BERGER, J., March 1, 1926.—The questions for determination arise on exceptions to the report of Edgar Downey, Esq., the auditor appointed to audit the first triennial account of Mary Brochus, committee of William Pechulis, a lunatic. The account was filed Jan. 23, 1925. The resignation of Mary Brochus as committee was accepted March 23, 1925, and the Schuyklill Trust Company was appointed her successor the same day. The account, with additional debits and credits to the date of the audit, is, therefore, the first and final account of Mary Brochus, the committee. All the exceptions, save one, have been filed by the Schuylkill Trust Company, and these raise the question (1) of accountant's right to commissions and the rate thereof;

(2) of the separation of the fund in the accountant's hands into principal and income; and (3) the liability of the accountant for failure to invest the funds in her hands in income-bearing securities. A fourth question is the allowance of counsel fees for conducting the lunacy proceedings.

First, as to commissions. The accountant failed to charge herself in her account with the sum of $1079.95 which she had received, and required proof to be made of the sums paid to her by the production of the warrants drawn in her favor upon the Treasurer of the United States. On July 8, 1922, she purchased a house and lot for $4000, and had the title to it placed in the joint names of herself and her husband. To pay for the house, she gave a first mortgage for $1600 and took $2400 of the funds in her hands as committee to pay the balance. Subsequently, she used $500 more for the improvement of the property and $1600 to pay off the first mortgage. Thus, a total of $4500 of the lunatic's estate has been used to purchase a house for the accountant and her husband, which they have occupied since its purchase, and in which they have no money of their own invested. No interest was ever paid on the moneys thus unlawfully used, and the auditor has properly surcharged the accountant with interest thereof, amounting to $674—no doubt, because the recovery of principal and interest would be more advantageous to the lunatic's estate than taking the property would be. Notwithstanding this breach of trust, the auditor has allowed the accountant a commission of 2½ per cent. on $8344.95, the principal of the estate, or $208.62. This allowance is challenged by exceptions 2, 4 (b) and 4 (c). These exceptions are sustained. When a committee of a lunatic appropriates a large part of the funds in her hands to her own use, she ought not to receive any commissions: Mulholland's Estate, Fisher's Appeal, 175 Pa. 411, 417; Locher's Estate (No. 2), 219 Pa. 46, 51. The auditor also allowed the accountant 5 per cent. commission on $228.08, interest on bank deposits, or $11.40. This allowance is challenged by exceptions 3 and 4 (e). Since this money was disbursed to supply the wants of the lunatic, and on account of other mitigating circumstances which appear in the auditor's report, these exceptions are dismissed.

Principal or income. All funds in the hands of the committee have been received as compensation and insurance under the War Risk Insurance Act and the amendments thereto. In re Estate of Tom Serovcheck, Schuylkill Legal Record, we held that such payments made to a guardian of a weak-minded World War veteran constituted the principal of his estate and not income, even though periodically paid to the guardian. The auditor, in a well-reasoned opinion, reached the same conclusion in this case. All the funds received by the committee, in our opinion, are, therefore, to be regarded as the principal of the lunatic's estate. Exceptions 1, 4 (a) and 4 (d) are dismissed.

Liability of accountant for failure to invest funds in her hands in income-bearing securities. This question is raised by the fifth exception filed by the Schuylkill Trust Company. Undoubtedly, the committee of a lunatic may be charged with interest for a failure to invest moneys in his hands, especially if the sum is large. The committee in this case is a sister of the lunatic, having had little or no experience in business. Had her limitations been known to the court, she probably would not have been appointed. Other mitigating circumstances accounting for the failure to invest the bank balance appear in the auditor's report. The fifth exception is, therefore, dismissed.

Counsel fees. The committee took credit in her account for $300 paid to counsel to conduct the lunacy proceedings. This the auditor properly disallowed. The accountant excepted and also filed a petition for an allowance

of counsel fee *nunc pro tunc*, pursuant to section 2 of the Act of April 16, 1849, P. L. 663; 2 Purdon's Digest, 2391. This petition is now pending. The accountant is not entitled to counsel fees, save as they may be allowed to her on the petition which she has filed. The exception to the disallowance of the counsel fee for which credit was taken in the account is, therefore, dismissed, without prejudice to the proceeding on the petition to have counsel fees fixed *nunc pro tunc*.

The net result of the disposition of the exceptions in this case is a surcharge of the accountant with the sum of $208.62, allowed as commissions on the principal of the estate, and it will be so ordered.

And now, March 1, 1926, the accountant is surcharged with the sum of $208.62, making the sum due by her to the Schuylkill Trust Company, her successor in the trust, $8244.43, instead of $8036.21, as found by the auditor.

From M. M. Burke, Shenandoah, Pa.